THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF ST. ANN's CHURCH of Morrisania, Relator, v. ASHBEL P. FITCH, Comptroller of the City of New York, Respondent.

*Assessment — statute directing its apportionment "ratably" — excludes an apportionment according to benefits — Laws of 1894, chap. 47.*

Where by a special act of the Legislature (Chap. 47 of 1894) the comptroller of the city of New York is directed to apportion a certain assessment between that portion of certain lands conveyed to a church and held and used by it for cemetery purposes, and the portion of said lands not held by the church for cemetery purposes, ratably to the proportion between said cemetery lands and the remaining lands of the church which are assessed, it is the duty of the comptroller to apportion the assessment according to areas.

In such case the comptroller should not apportion the assessment according to the benefits received, as the effect of such action is, virtually, to levy a new assessment which was not contemplated by the act.

CERTIORARI issued out of the Supreme Court and attested on the 25th day of February, 1895, directed to Ashbel P. Fitch, comptroller of the city of New York, directing him to certify and return to the office of the clerk of the county of New York his proceedings in regard to apportioning, under chapter 47 of the Laws of 1894, the sum of $2,232.44, between lands of St. Ann's Church of Morrisania held and used by it for cemetery purposes, and other lands of said church held and used by it for other than cemetery purposes, and in demanding interest of said church on the sum apportioned to lands not held for cemetery purposes, and in refusing to cancel on the assessment books of the city of New York the sum apportioned to the cemetery lands of said church.

*L. O. Van Doren,* for the relator.

*Geo. L. Sterling,* for the respondent.

VAN BRUNT, P. J. :

The relator is the owner of a large tract of land in the twenty-third ward, comprising most of the block bounded by One Hundred and Thirty-ninth street, One Hundred and Forty-first street, St. Ann's avenue and Brook avenue. On the 30th of August,

392 PEOPLE ex rel. RECTOR, ETC., v. FITCH.

First Department, June Term, 1895.          [Vol. 87

1869, an assessment was confirmed to reimburse the city for the expense of acquiring title to the lands lying within the lines of East One Hundred and Thirty-ninth street, between Rider and St. Ann's avenues. This assessment was confirmed by an order of this court. The total cost of the proceeding was $11,974.70, and the amount assessed against the relator's property with which we are here concerned was the sum of $2,232.44. A part of this land had been conveyed to the church for cemetery purposes only, and a part for other than cemetery purposes. By chapter 47 of the Laws of 1894 the comptroller was authorized to apportion this assessment between that portion of such lands conveyed to said church and held and used by it for cemetery purposes and that portion of said lands not so held for cemetery purposes by said church ratably to the proportion between said cemetery lands and the remaining lands of said church so assessed, and to cancel and annul that proportion of said assessments which said comptroller should so apportion as levied and made against the said cemetery land of said church. The comptroller did apportion this assessment between that portion of the lands conveyed to the church and held and used by it for cemetery purposes, and that portion of said land not so held for cemetery purposes by said church ratably to the proportion between said cemetery lands and the remaining lands of said church so assessed. It appears, however, upon an examination of the apportionment that the assessment was apportioned with reference to the amount of benefits received and not in accordance with the area of each parcel. And to review this decision of the comptroller this writ of certiorari was issued.

The question presented, therefore, is, whether the comptroller was required to apportion this assessment with reference to the area of the tracts or with reference to the amount of benefit received. It seems to us that there can be but one answer to this question. Attempting to apportion the assessment according to what the comptroller might think was the benefit received, would be virtually the levying of a new assessment. Such a proceeding does not seem to have been contemplated by the act. The comptroller was directed by the act to apportion the assessment ratably between the lands held for cemetery purposes and those not so held; and the only way it seems to us in which this ratable apportionment could take place

would be by apportioning the assessment according to area. It is evident that it was not intended to confer upon the comptroller judicial powers in making this apportionment, otherwise the explicit direction contained in the statute would not have been given. In other statutes relating to the subject of apportionment the comptroller is authorized to apportion the same as might seem to him to be just and equitable. But such language is conspicuously absent from the act now under consideration. He is to apportion the assessment ratably between said lands, etc. In none of the statutes where the words " just and equitable " are used do we find the word " ratably." The only ratio which is presented is the relative areas of the portions of the land which are to be exempted from assessment because used for cemetery purposes and those which are not to be so exempted.

We think, therefore, that the decision of the comptroller proceeded upon an erroneous basis and that his action should be annulled and the proceedings sent back for further action, without costs.

FOLLETT and O'BRIEN, JJ., concurred.

Proceedings of comptroller annulled, case sent back for further action, without costs.